The Honorable Joe Shriver State Representative, Seventy-Ninth District P.O. Box 1324 Arkansas City, Kansas 67005-7324
Dear Representative Shriver:
As representative for the seventy-ninth district, you request our opinion regarding the residency requirements applicable to a member of a board of trustees for a community college elected as an at-large member of the board.
Members of a board of trustees may be elected by one of four methods: (1) election-at-large method; (2) six-district method; (3) three-district method; and (4) two-district method. K.S.A. 71-1403.
 "(a) When a community college has a member district method of election, the college district shall be divided into two member districts for the two-district method, into three member districts for the three-district method, and into six member districts for the six-district method. Each member district shall be represented on the board by one or more persons residing in the member district. In the six-district method, one member shall reside in each member district. In the three-district method two members shall reside in each member district. In the two-district method three members shall reside in each district. . . .
 "(b) If a community college adopts and implements a seven member board of trustees plan, the at-large member may be a resident of any member district. . . ." K.S.A. 71-1407 (emphasis added).
The requirement that a member of a board of trustees for a community college reside in the district which the member represents is similar to residence requirements applicable to members of other governing bodies. Opinions reviewing such residence requirements have consistently found that the statutory provisions require the member of the governing body to reside in the district which the member was elected to represent and, absent a statute expressly providing otherwise, removal of the member's residence from the district results in a vacancy in the office. See
Attorney General Opinions No. 86-121 (K.S.A. 19-202; board of county commissioners); 82-18 (K.S.A. 15-209; city officers; city of the third class); VII Opinions of the Attorney General 820 (K.S.A. 72-8009; board of education).
K.S.A. 71-1407 clearly requires that a member of the board of trustees for a community college reside in the district which the member was elected to represent. While statutes applicable to community colleges do not expressly provide that a member is no longer qualified to serve upon removing his or her residence from the district, the language of K.S.A.71-1407 establishes a requirement that must be met during the entire service as a member of the board of trustees. Following interpretations of K.S.A. 19-202, 15-209, and 72-8009, it is determined that K.S.A. 71-1407
requires a member of a board of trustees for a community college continuously reside in the district which the member was elected to represent. A member elected to represent a particular member district must reside in that member district for the duration of the member's term; an at-large member may reside in any member district, but must reside in one of the member districts for the duration of the member's term. If a member of the board of trustees removes his or her residence from the district, the member is no longer qualified to serve and a vacancy occurs.
In your request for an opinion, you provide the following:
 "One of the Trustees resided within the Community College's taxing district at the time of his election. Since being elected, the trustee has maintained a temporary home in Wichita in order to pursue career educational objectives. The Wichita home is not located in Cowley County Community College's taxing district."
We do not express an opinion as to whether the member of the board of trustees has removed his residence from the district which he was elected to serve. To determine whether a member of the board of trustees has removed his or her residence from the district, the member's actions and intentions must be considered by the county election officer. See
Attorney General Opinion No. 88-149.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
RTS:JLM:RDS:jm